

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITIGROUP GLOBAL MARKETS REALTY CORP.,

Plaintiff,

-against-

ACCREDITED HOME LENDERS, INC,

Defendant.

Docket No.: 08 Civ. 03545 (RJH)

**ECF CASE**

**PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 26(f) and Rules 2 and 5.B. of this Court's Individual Practices, counsel for the parties met by telephone on June 11, 2008. The attendees were Patrick J. Boyle, William M. Cooney, Lisa A. Herbert and John T. Hogan (Information Technology Specialist) Thacher Proffitt & Wood LLP, for Plaintiff; and Alex Lipman and Brian J. Fischer, Jenner & Block LLP, for Defendant. All subjects required to be discussed at such conference were discussed.

**1. Description of the Case.**

a. Attorneys of Record.

(1) Attorneys for Plaintiff
Patrick J. Boyle, Esq.
William M. Cooney, Esq.
Lisa A. Herbert, Esq.

Thacher Proffitt & Wood LLP
Two World Financial Center
New York, New York 10281
(212) 912-7400 (phone)
(212) 912-7751 (fax)

(2) Attorneys for Defendant
Richard F. Ziegler, Esq.
Alex Lipman, Esq.
Brian J. Fischer, Esq.
Elisabeth Genn, Esq.

Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, New York 10022
(212) 891-1600 (phone)
(212) 909-0825 (fax)

b. Basis for Federal Jurisdiction. Diversity under 28 U.S.C. § 1332.

c.   Brief Description of Claims.   The Complaint alleges breach of contract, unjust enrichment, fraudulent inducement and trespass to chattels in connection with the sale by Defendant to Plaintiff of allegedly materially non-conforming and/or non-existent Mortgage Loans pursuant to Plaintiff's agreement to purchase a pool of Mortgage Loans (the "Pool") from Defendant.

d.   Major Legal and Factual Issues.   The parties have set forth below their own descriptions of the major factual and legal issues, without prejudice to the other party's objections.

i.   By Plaintiff:

(1)   The terms, construction and effect of the parties' Mortgage Loan Purchase and Interim Servicing Agreement dated as of June 1, 2005 (the "Loan Purchase Agreement") and the parties' March 15, 2007 Confirmation Letter (the "Confirmation Letter").

(2)   The parties' understanding, at the time they agreed to be bound by the Confirmation Letter, as to the number of Mortgage Loans to be sold by Defendant to Plaintiff that might not materially conform to the Mortgage Loan pool characteristics agreed by the parties.

(3)   The parties' understanding, at the time they agreed to be bound by the Confirmation Letter, as to the existence and nature of the non-conformities affecting the assets that were being sold by Defendant to Plaintiff.

(4)   Whether Defendant intended to select and transfer seriously impaired and/or worthless assets to be included in the Mortgage Loan pool at the time the parties entered into the Loan Purchase Agreement and/or the Confirmation Letter.

(5)   Defendant's impairment of assets it sold to Plaintiff and/or concealment of same while acting as servicer of those assets.

(6) Whether assets transferred by Defendant to Plaintiff breached Plaintiff's representations and warranties in the Loan Purchase Agreement.

(7) Whether and to what extent borrower payment defaults were caused by fraud or misleading origination practices.

ii. By Defendant:

(1) Whether Plaintiff has stated a claim upon which relief can be granted and adequately pled its claims, as briefly set forth in Defendant's letter to the Court of June 12, 2008. This includes at least the following subsidiary issues:

(a) The effect of the roughly $41 million held back from the purchase price paid by Plaintiff under the March 15, 2007 Confirmation Letter (the "Confirmation Letter") and the meaning of the Confirmation Letter's provisions regarding same.

(b) Whether alleged breaches of the contractual representations and warranties set forth in the Mortgage Loan Purchase and Interim Servicing Agreement dated as of June 1, 2005 (the "Loan Purchase Agreement") and the Confirmation Letter can support a claim of fraudulent inducement.

(c) Whether the Plaintiff's fraudulent inducement claim is duplicative of its breach of contract claim.

(d) Whether the Plaintiff has adequately pled its fraudulent inducement claim.

(e) Whether the Plaintiff's unjust enrichment claim is barred by the presence of a contractual agreement between the parties.

(f) Whether the Plaintiff has adequately pled and stated a claim of trespass to chattels.

(2) Whether discovery should be stayed pending Defendants' anticipated motion to

dismiss Plaintiff's Complaint.

(3) Whether Plaintiff provided Defendant proper notice of and opportunity to cure the Mortgage Loan non-conformities alleged in the Complaint.

(4) Whether, and if so to what extent, Plaintiff has suffered damages as a result of Defendant's alleged actions.

e. Relief Sought. Plaintiff seeks (1) a declaration that Defendant is liable for its breaches of the parties' Agreements and that Plaintiff is therefore entitled to retain the entirety of the amounts it has held back from payment pursuant to the Confirmation Letter; (2) an order requiring Defendant to repurchase the assets at issue in this action at the purchase price paid by Plaintiff, together with accrued interest; (3) an order requiring Defendant to indemnify Plaintiff, in accordance with the provisions of Section 7.03 of the Loan Purchase Agreement, for "losses, damages, penalties, fines, forfeitures, reasonable and necessary legal fees and related costs, judgments, and other costs and expenses resulting" to Plaintiff "from any claim, demand, defense or assertion based on or grounded upon, or resulting from, a breach of the Seller's representations and warranties;" (4) damages in an amount to be determined at trial; (5) its counsel fees, interest, and costs and disbursements of this action; and (6) such other and further relief as this Court deems just and proper.

**2. Proposed Case Management Plan.**

a. Pending Motions. No motions are currently pending. However, by its letter to the Court of June 12, 2008, Defendant requested a pre-motion conference to address its anticipated motions to dismiss the Complaint and stay discovery pending resolution of that motion.

b. Joinder. The parties request an Order that they are permitted until **February 13, 2009** to join additional parties.

c. Amendments to Pleadings. The parties request an Order that they are permitted until **February 13, 2009** to amend the pleadings as of right.

d. Schedule for the Completion of Discovery.

Defendant's agreement to the dates and terms set forth below is premised on the Court permitting discovery to proceed at this time (a) notwithstanding Defendant's anticipated motion to stay discovery pending resolution of its anticipated motion to dismiss the Complaint or (b) in denial of that motion to stay discovery.

i. Disclosures Under Rule 26(a)(1). The parties have agreed that each will serve the initial disclosures required by Rule 26(a)(1) on **September 10, 2008**. Documents are to be produced in their native format where possible. The timing, form, and requirement for other disclosures under Rule 26 will be made in accordance with such rule, and with the other rules of discovery and the local rules of this Court, except as otherwise provided herein.

ii. Fact Discovery. All fact discovery shall be commenced in time to be completed by **April 30, 2009**.

(1) Subjects of Discovery.

A. Plaintiff anticipates discovery concerning any and all communications, documents or other matters relating to the Mortgage Loans and other assets which are the subject of this action, including but not limited to:

(a) the negotiation, agreement to enter into, and construction of the parties' Loan Purchase Agreement;

(b) the negotiation, agreement to enter into, and construction of the Confirmation Letter;

(c) the selection of assets to be included in the Mortgage Loan Pool sold to Plaintiff pursuant to the Confirmation Letter;

    (d)    Defendant's interim or other servicing of the assets in the Mortgage Loan Pool it sold to Plaintiff;

    (e)    the development, negotiation, revision or discussion of or rationale(s) for the characteristics and criteria which Plaintiff and Defendant agreed would apply to the selection of Mortgage Loans to be purchased from Defendant by Plaintiff;

    (f)    the characteristics and criteria Defendant actually applied to the selection of Mortgage Loans and other assets to be sold by Defendant to Plaintiff;

    (g)    Defendant's review of assets to be transferred to Plaintiff prior to their sale to Plaintiff, as well as Defendant's disclosure of same to Plaintiff;

    (h)    Defendant's procedures, policies or guidelines for reviewing the assets it sold to Plaintiff;

    (i)    the time when any Mortgage Loans transferred by Defendant to Plaintiff had been foreclosed, extinguished, prepaid, converted to REO Property or otherwise terminated;

    (j)    Defendant's actions or measures taken with respect to an asset sold to Plaintiff after Defendant stopped servicing the asset;

    (k)    Defendant's disclosure of any and all material deficiencies and/or breach of Defendant's representations and warranties in the assets it transferred to Plaintiff before the time of the transfer;

    (l)    Defendant's knowledge of the actual condition of the assets transferred by Defendant to Plaintiff, including any and all material deficiencies, breaches of representations and warranties, and nonconformity to Mortgage Loan Pool characteristics and criteria;

    (m)    any and all breaches by Defendant of representations and warranties in the Loan Purchase Agreement; and

    (n)    the sale of the assets in the Mortgage Loan Pool pursuant to the Confirmation Letter, including the timing of the sales; and

B. Defendant has not categorized the subjects upon which it will seek discovery, based upon its anticipated motions to dismiss and stay discovery, but reserves its right to do so (and if required by the Court's Individual Practices). Additionally, Defendant expects that the discoverable issues will be narrower than those set forth above by Plaintiff.

(2) Requests to Produce Documents. Plaintiff has served an initial request to produce documents, and Defendant has agreed to produce documents in response to Plaintiff's document request by **September 10, 2008**. Defendant shall serve its initial request to produce documents on or before **September 10, 2008**. Documents are to be produced in their native format where possible. Privilege logs are to be submitted within a reasonable time after the production of documents. Due to the confidential nature of certain financial and personal information that will be produced during discovery, the parties intend to negotiate and submit a protective order governing the discovery and use of such information. The parties will submit a proposed protective order on or before **September 10, 2008**, or will communicate with the Court by that date if agreement cannot be reached.

(3) Depositions. Depositions will commence following the document productions mentioned above, on a schedule to be agreed upon by counsel. The parties anticipate that certain other non-party document discovery and depositions will be conducted as well, with the timing of such discovery to be subject to agreement of counsel and availability of witnesses.

iii. Disclosures Under Rule 26(a)(2). Plaintiff will serve the disclosures required by Rule 26(a)(2) on **May 1, 2009**. Defendant will serve the disclosures required by Rule 26(a)(2) on **June 1, 2009**. Plaintiff's rebuttal expert reports, if any, will be served on **June 22, 2009**.

iv. Expert Discovery. All expert discovery shall be commenced in time to be completed by **July 10, 2009**.

v. Final lists of witnesses and exhibits under Rule 26(a)(3), supplementation of all discovery under Rule 26(e), and deposition designations are due from all parties by **October 9, 2009**.

e. Dispositive Motions. Dispositive motions shall be filed by **August 28, 2009**.

 f. Final Pre-Trial Order. The final pre-trial order shall be filed and a final pre-trial conference shall be held on **October 29, 2009**. Parties shall file objections to witnesses and exhibits under Rule 26(a)(3) or to any other matter contained in the final pre-trial order or any other document filed concurrently with the final pre-trial order on **November 6, 2009** (ten (10) days after the final pre-trial conference).

g. Trial Schedule.

i. Plaintiff requests a jury trial.

ii. At this time, the trial is expected to take approximately three weeks.

iii. The case should be ready for trial by **November 19, 2009**.

**3. Consent to Proceed Before a Magistrate Judge.** At this time, the parties have not consented unanimously to proceed before a Magistrate Judge.

**4. Status of Settlement Discussions.**

a. The parties have engaged in settlement discussions.

b. Settlement discussions are currently not proceeding. However, the parties have not ruled out the possibility of future settlement discussions.

c. The parties do not request a settlement conference.

Dated: New York, New York
June 17, 2008

Respectfully submitted,

THACHER PROFFITT & WOOD LLP
Attorneys for Plaintiff

By: ______________________
Patrick J. Boyle
William M. Cooney
Lisa A. Herbert
Two World Financial Center
New York, New York 10281
(212) 912-7400 (phone)
(212) 912-7751 (fax)

JENNER & BLOCK LLP
Attorneys for Defendant

By: ______________________
Richard F. Ziegler
Alex Lipman
Brian J. Fischer
Elisabeth Genn
919 Third Avenue, 37th Floor
New York, New York 10022-3908
(212) 891-1600 (phone)
(212) 909-0825 (fax)

IT IS SO ORDERED

Dated: 8/25/08

______________________
The Honorable Richard J. Holwell, U.S.D.J.